

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00233-CR

GEORGE W. JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-434,620, Honorable Jim Bob Darnell, Presiding

May 17, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, George W. Jackson, appeals his conviction for the offense of driving while intoxicated, third or more offense,[1] and resulting sentence of eight years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant brings forth a single issue contending that the trial court erred in admitting into evidence State's Exhibits 6 and 6A. We affirm.

---

[1] See TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2012).

Factual and Procedural Background

Initially, we note, appellant is not challenging the sufficiency of the evidence; therefore, we will only address so much of the evidence as is necessary for disposition of the issue before the Court. Appellant was arrested for driving while intoxicated and, at some point after his arrest, it became apparent to the police that appellant had been previously convicted of driving while intoxicated. As a result of appellant's previous convictions, the State ultimately indicted appellant for the offense of driving while intoxicated, third or more offense. The indictment, in addition to alleging the elements of driving while intoxicated, alleged two prior driving while intoxicated convictions for jurisdictional purposes. These convictions were as follows: on April 5, 1994, in cause number 93-3079 in the County Court of Ector County, Texas, and on April 10, 2003, in cause number 2000-434,194 in the 140th District Court of Lubbock County, Texas.

At appellant's trial on the indicted offense, the State attempted to prove that appellant had previously been convicted of the listed driving while intoxicated offenses through the admission of a series of exhibits. Specifically, the State offered State's Exhibit 6 to prove the 1994 Ector County conviction. The exhibit, as offered, reflects a copy of a judgment granting probation in cause number 93-3079 for the offense of driving while intoxicated to an individual named George Winton Jackson. Exhibit 6A is a certificate from the County Clerk of Ector County stating that the foregoing is a true and correct copy of the judgment granting probation (and other documents not involved herein). However, the certification contains neither the seal of the County Clerk of Ector County, Texas, nor the signature of the Deputy Clerk identified below the signature line. The State also offered State's Exhibit 7, the judgment in cause number 2000-434,194

2

from Lubbock County. This judgment placed George W. Jackson on probation for the offense of driving while intoxicated, third or more, on March 16, 2001. State's Exhibit 8 was offered and, through this exhibit, the State proved that George W. Jackson's probation previously granted in cause number 2000-434,194 was revoked on April 16, 2003. Finally, the State introduced State's Exhibit 9, a fingerprint card for George W. Jackson.

When State's Exhibits 6 and 6A were offered into evidence, appellant's trial counsel objected to the introduction of the exhibits. The trial court overruled the objection and the exhibits were admitted. Appellant did not object to the introduction of State's Exhibits 7, 8, or 9.

After hearing the evidence, the jury returned a verdict of guilty as to the indicted offense of driving while intoxicated, third or more. Subsequently, the jury sentenced appellant to confinement in the ID-TDCJ for a period of eight years. Appellant has perfected his appeal and brings forth the single issue regarding the correctness of the trial court's ruling allowing State's Exhibits 6 and 6A to be admitted. We will affirm.

Admission of State's Exhibits 6 and 6A

Appellant's contention can be summed up as an insistence that the certification from the County Clerk of Ector County, Texas, was defective for two reasons. First, the certification did not contain the seal of the County Clerk. Second, the certification did not contain the signature of the Deputy County Clerk attesting to the efficacy of the document.

Standard of Review

We review the trial court's determination to admit evidence under an abuse of discretion standard. See Tienda v. State, 358 S.W.3d 633, 638 (Tex.Crim.App. 2012). If the trial court's ruling as to the admissibility of the evidence is within the zone of reasonable disagreement, we will not interfere. Id. (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g)).

Analysis

Appellant is urging the Court to take a very narrow and legalistic approach to the issue of authentication of the document offered as State's Exhibit 6 and certified to by State's Exhibit 6A. Under this theory, the only way for the State to overcome the natural hearsay nature of State's Exhibit 6 is to invoke Rules 803(8)(A) and 1005 of the Rules of Evidence. See TEX. R. EVID. 803(8)(A), 1005.[2] Going forward with appellant's analysis, Rule 1005 requires that the recorded judgment be "certified as correct in accordance with Rule 902." See id. This, according to appellant, is where the exhibit fails, as Rule 902(1) expressly requires that an admissible document must bear "a signature purporting to be an attestation or execution." See Rule 902(1). In the final analysis, appellant's position is very simple: no signature or seal on Exhibit 6A means improper certification which, in turn, means that the attempted authentication under Rule 902 fails and the exhibits are not admissible because they are hearsay.

---

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

The State counters by initially asking that the Court rule that the objection has not been properly preserved. According to the State, appellant's objection was a "shotgun" or "omnibus" approach to the issue of admissibility that did not properly preserve the complaint.[3] Although the objection does continue on and contains some other alleged infirmities, the objection clearly points the trial court to the issue of the authentication. As such, we feel assured that the objection adequately apprised the trial court of the nature of the objection such that the issue is preserved for appeal. See TEX. R. APP. P. 33.1(a)(1). Next, the State encourages the Court to find that appellant has waived the issue by his failure to object to State's Exhibit 7. State's Exhibit 7, the judgment from Lubbock County for the 2003 conviction for driving while intoxicated, third or more offense, contained the information regarding the 1994 Ector County conviction that was the subject of the documents offered as State's Exhibits 6 and 6A. We decline to find that appellant's failure to object to State's Exhibit 7 was a waiver of a known right. See Leday v. State, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998) (en banc) (citing Johnson v. Zerbst, 304 U.S.458, 464, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938)).

However, appellant's failure to object to State's Exhibit 7 is terminal to his request for reversal. State's Exhibit 7 contained the very information the State was attempting to use to prove that appellant had previously been convicted of the offense of driving while intoxicated in Ector County, Texas, in 1994. The judgment that is State's Exhibit 7 reflects that George W. Jackson entered a plea of guilty to the offense of driving while intoxicated, third or more, in cause number 2000-434,194. One of the

---

[3] Trial counsel's objection to State's Exhibit 6 was, "Your Honor, . . . ., I object to it on the grounds that, one, [1] it's immaterial and irrelevant; [2] that it's hearsay; [3] that it's not properly authenticated."

prior convictions that appellant entered his plea toward, and that the trial court found him guilty of, was cause number 93-3079 in Ector County, Texas.

In the final analysis, even if we assume that the trial court erred in admitting State's Exhibits 6 and 6A, which we do not find, we will not reverse appellant's conviction. Because of the admission of State's Exhibit 7, the trial court's admission of State's Exhibits 6 and 6A could not have harmed appellant. See id. (overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained of ruling). We simply treat this as a form of harm analysis which results in our holding that appellant could not have been harmed by the admission of State's Exhibits 6 and 6A. Accordingly, appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock<br>
Justice

Do not publish.